United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 19-16193-pmm
Thomas Waring                                                                   Chapter 13
Lee Anne Waring
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: PaulP              Page 1 of 1              Date Rcvd: May 22, 2020
                             Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2020.
db/jdb          +Thomas Waring,   Lee Anne Waring,   1635 Alpine Drive,   Pen Argyl, PA 18072-9742

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2020                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2020 at the address(es) listed below:
          JOHN  MOLNAR    on behalf of Creditor    Wind Gap Municipal Authority molnar@ptd.net,
          G25801@notify.cincompass.com
          KEVIN G. MCDONALD    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
          bkgroup@kmllawgroup.com
          PAUL H. YOUNG    on behalf of Joint Debtor Lee Anne  Waring support@ymalaw.com,  ykaecf@gmail.com,
          paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
          PAUL H. YOUNG    on behalf of Debtor Thomas  Waring support@ymalaw.com,  ykaecf@gmail.com,
          paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
          bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                 TOTAL: 7

IN
FOR

| | |
|---|---|
| Thomas Waring<br>Lee Anne Waring<br>          <u>Debtors</u> | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>          <u>Movant</u><br>    vs. | NO. 19-16193 PMM |
| Thomas Waring<br>Lee Anne Waring<br>          <u>Debtors</u> | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>          <u>Trustee</u> | |

## <u>AMENDED STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,143.78,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to April 2020 at $1,222.63/month |
| Suspense Balance: | $0.37 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,143.18** |

2.    The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,143.18.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,143.18** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.    Beginning with the payment due May 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,222.63 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.       Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.       In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.       If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.       If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.       The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.       The parties agree that a facsimile signature shall be considered an original signature.

Date:    April 20, 2020                 By: */s/ Rebecca A. Solarz, Esquire*
                                        Attorney for Movant

Date:_____              Paul H. Young, Esquire
                                        Attorney for Debtors

Date:    *May 18, 2020*                  */s/ Polly A. Langdon, Esquire, for*
                                        Scott F. Waterman, Esquire
                                        Chapter 13 Trustee

Approved by the Court this _22nd_ day of _May_____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Patricia M. Mayer